UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN KEITH ROBINSON, § | | |
|     Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 3:17-CV-90 | |
| § | | |
| DRY FORCE CORP.; AND § | | |
| PAUL STEVEN CRAFT, § | | |
|     Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Brian Keith Robinson ("Plaintiff") files this Original Complaint, and respectfully shows as follows:

**I. PRELIMINARY STATEMENT**

1. Plaintiff previously worked as an employee for Defendant Dry Force Corp. ("Dry Force"), which is owned and controlled by Paul Steven Craft (Dry Force and Mr. Craft are referred to as "Defendants").

2. Plaintiff brings this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II. PARTIES

4. Plaintiff is an individual residing in Texas.

5. Dry Force is a Texas corporation which may be served through its registered agent, Padgett Business Services, 10000 N. Central Expwy., Ste. 400, Dallas, TX 75231.

6. Paul Steven Craft is a Texas resident who may be served at 3701 W. Royal Lane, Suite 120, Irving, TX 75063, or where found.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

10. At all relevant times times, Defendants have been an employer of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. Dry Force was unquestionably an "employer" or "joint employer" of Plaintiff. Specifically, Plaintiff performed work on jobs for Dry Force, he was told where to go and what to do on such jobs by employees of Dry Force, he was required to adhere to employment policies of Dry Force, and he was paid by Dry Force.

12. Paul Steven Craft was also an "employer" or "joint employer" of Plaintiff. Mr. Craft is the founder, majority owner and the primary decision-maker of Dry Force. According to documents on file with the Texas Secretary of State, Mr. Craft is the sole director of the company. Mr. Craft is responsible for making employment decisions at Dry Force (he has the power to hire and fire Dry Force employees and he directly oversees supervisors who likewise have such power). Mr. Craft also controls employee work schedules and conditions of employment by creating, reviewing and/or approving policies applicable to Dry Force employees (including but not limited to Plaintiff), such as the employee handbook and other written and/or unwritten employee policies. Mr. Craft also made or approved the decision to characterize Plaintiff as exempt and to pay him a salary, with no additional compensation for hours worked above forty in a week. Finally, Mr. Craft is a custodian of Dry Force's payroll and other HR records, as they are maintained by those working under his supervision. As such, Mr. Craft is an employer or a joint employer of Plaintiff.

13. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiff was an employee for Defendants who was engaged in commerce or in the production of goods for commerce.

V. FACTUAL BACKGROUND

16. Dry Force performs residential and commercial restoration services at properties damaged by water and fire.[1] Plaintiff was employed by Defendants as a "Field Operations Manager," and primarily performed manual labor related to restoration services offered by Defendants. Plaintiff worked for Defendants from March of 2014 until July of 2016. While Plaintiff was given the title of "Field Operations Manager," he spent a significant portion of his time performing the same manual labor as other field technicians (who are classified as non-exempt and thus are paid overtime), and he did not possess the power to hire or fire other employees, nor was he given any input regarding personnel matters.

17. While employed by Defendants, Plaintiff routinely worked for six or seven days a week, often working 60-80 hours in a week, if not more. Instead of paying him overtime, Defendants paid Plaintiff a salary, with no additional pay for hours worked above 40 in a week.

18. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than

---

[1] Dry Force is based in Irving, Texas, which is located in Dallas County. A significant amount of the work performed by Plaintiff for Defendants occurred in Dallas County.

40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

19. No exemption excuses Defendants from paying Plaintiff overtime rates under the FLSA. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendants knew or should have known that Plaintiff was working more than 40 hours per week, and Defendants consciously chose not to pay Plaintiff overtime for the hours worked above 40 each week. Plaintiff is entitled to liquidated damages (and Plaintiff is entitled to go back three years for the FLSA claims) as a result of such conduct.

20. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

21. The foregoing allegations are incorporated herein by reference.

22. Plaintiff was a non-exempt employee of Defendants.

23. Plaintiff was entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

24. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

25. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

26. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

By: /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com